UNITED STAES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN DOE, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12-cv-0062 TWP-MJD |
| | ) | |
| CITY OF INDIANAPOLIS, INDIANA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**Memorandum in Support of Plaintiff's Motion to Proceed by Anonymous Name and Motion to Seal Affidavit Containing Actual Name**

**I.    Introduction**

The plaintiff in this case is a sex offender who is required to register, for the rest of his life, on Indiana's sex and violent offender registry.  He is also barred by Indiana Code § 35-42-4-12 from ever using social networking websites or instant messaging or chat room programs unless these sites preclude access by those less than 18 years of age. Plaintiff's use of these sites is a crime.  He has brought this action on his own behalf, and on behalf of a class of those similarly situated, to challenge the constitutionality of this statute that prohibits expressive and communicative conduct.  Because he and his minor child, who is in his physical and legal custody, face realistic threats of harm if his name becomes publicly known, he seeks to proceed in this case by the anonymous name of "John Doe."  Despite the fact that the use of anonymous names is disfavored, the test for granting such use is met here.  Accordingly, the plaintiff's motion should be granted.

## II. Under proper circumstances a plaintiff may proceed by anonymous name

Rule 17(a) of the Federal Rules of Civil Procedure provides that "[e]very action shall be prosecuted in the name of the real party in interest." And, Fed.R.Civ.P. 10(a) requires that pleadings contain the names of the parties. These rules vindicate "the public's common law right of access to judicial proceedings . . . Nevertheless, many federal courts . . . have permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corporation*, 214 F.3d 1058, 1067 (9th Cir. 2000) (allowing foreign employees to use anonymous names in action brought under the Fair Labor Standards Act.)

The Seventh Circuit has made it clear that "[t]he use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal court." *Doe v. Blue Cross and Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). *See also Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) (noting that "this circuit's decisions . . . disfavor anonymous litigation); *Doe v. Sheriff of DuPage County*, 128 F.3d 586, 587 (7th Cir. 1997) ("Litigation involves the public's business and, except when exceptional circumstances are present, all parties to a suit must be identified."). The Seventh Circuit has also articulated some of these "exceptional circumstances" justifying the use of anonymous names. Thus, the court has noted that anonymous name status may be granted where the plaintiff is a minor, rape or torture victim, a closeted homosexual, or "so far as appears -- a likely target of retaliation by people who would learn her identity only from a judicial opinion or other court filing." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). These are not exclusive categories. The test for determining whether or not the plaintiff may proceed by anonymous name is a balancing one. "The presumption that parties' identities are public information, and the possible prejudice to the

opposing party from concealment, can be rebutted by showing that the harm to the plaintiff . . . exceeds the likely harm from concealment." *Id.*

The Seventh Circuit's formulation is hardly unique. Courts have recognized that "[t]he ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992), *citing Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). In assessing this balance it is helpful to utilize the formulation summarized in, among other cases, *EW v. New York Blood Center*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003):

> [C]ourts have applied an assortment of tests involving a variety of factors to determine whether a plaintiff's privacy right outweighs the public interest in open proceedings and any possible prejudice to the defendant . . . Such factors include: (1) whether the plaintiff is challenging governmental activity or an individual's actions . . . (2) whether the plaintiff's action requires disclosure of information of the utmost intimacy . . . (3) whether the action requires disclosure of the plaintiff's intention to engage in illegal conduct . . . (4) whether identification would put the plaintiff at risk of suffering physical or mental injury . . . (5) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously . . . and (6) the public interest in guaranteeing open access to proceedings without denying litigant access to the justice system.

In *Does I-IV v. City of Indianapolis, Indiana*, 2006 WL 2289187 (S.D. Ind. Aug. 7, 2006), Chief Judge Young adopted the *EW* six-factor test in finding that anonymous name status should be granted to a number of sex offenders challenging a Marion County ordinance. The use of these factors establish that anonymous name status should be granted here as well.

### III.    Plaintiff is challenging government action, not private action

In this case, the plaintiff is challenging the constitutionality of a state law. This is a challenge to government, not private, action.

> [W]here a plaintiff attacks governmental activity, for example a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered

> particularly strong.  *See, e.g., Roe v. Wade*, 410 U.S. 113 . . .  In such circumstances the plaintiff presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of his rights.  In addition, the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant.

*EW*, 213 F.R.D. at 111.  Therefore, this factor supports the granting of anonymous name status.

## IV. Identification would place the plaintiff, and his child, at risk of both physical and emotional injury

In *John Does I-IV v. City of Indianapolis*, in allowing the sex offenders to proceed by anonymous name this Court noted that the second and third factors noted in *EW* were relevant considerations, but that the fourth factor, whether identification would put the plaintiff at risk of physical or emotional harm, was met given that:

> Plaintiffs submitted affidavits attesting to their fear of physical harm to them and their children if their actual names are disclosed. . . In addition, all of the Plaintiffs are aware of the fact that persons identified as sex offenders have been subject to violence. *See* Plaintiffs' Attachment 1, MSNBC.com, *Police Investigate Sex Offender Slaying* (4/17/06), http://www.msnbc.com/id/12345678; MSNBC.com, *Man Turns Self In After 2 Child Molesters Killed* (9/6/05), http://msnbc.com/id/9227684; The Boston Globe, *Man Defends Attacks on Sex Offenders* (12/5/04), http:// www.boston.com/news/local /articles/2004.

2006 WL 2289187 at *2.  In his affidavit Mr. Doe has noted the incidents of violence directed against him and his minor child when his identity as a sex offender was publicized.  People attempted to break into his home while he and his child were there and set his vehicle on fire.  People vandalized his car.  He and his young son were forced to make an emergency move from that residence because of persistent harassment and vandalism. Mr. Doe is also acutely aware that news reports from around the country report that persons identified as sex offenders have been subjected to violence and is particularly concerned that any such attempts may injure his son who he has custody of.  An important question here is "whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent

non-parties." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). Mr. Doe's son has already been subjected to teasing and being ostracized when his father's identity as a sex offender became known.

Of course, Mr. Doe, by his actual name, is listed on the sex and violent offender registry, along with thousands of other persons. But, Mr. Doe is not challenging his listing on this public record. He is instead stepping forward out of the anonymity that the sheer number of registrants provide. In *Doe v. Tandeske,* 2003 WL 24085314 (D. Alaska 2003), the plaintiff, a sex offender, sought to bring an action by anonymous name to challenge an Alaska statute that required the state's Department of Public Safety to collect DNA samples from prisoners convicted of felony sex offenses. The defendant argued that there was no need to grant the plaintiff's anonymous name request because his felony conviction was a matter of public record. The district court disagreed, noting that defendant "argues that Doe's name and face already appear on the State of Alaska sex-offender registry and are just a few clicks away from anyone with a personal computer and an internet connection. However, as stated above, the real issue is whether Doe reasonably fears retaliation based upon his challenge of [the statute]." 2003 WL 24085314, *2.

Similarly, the issue here is not that Mr. Doe is an offender and that his prior offenses are matters of public record. The question is whether by being identified by name with this lawsuit Mr. Doe and his son will be at risk of harm. It is not unreasonable to assume that this case – a constitutional challenge to aspects of Indiana's laws regulating sex offenders – will be publicized. Therefore, if Mr. Doe's actual name is used, it will be publicized and he and his son will be subject to "real danger of physical harm." *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Col. 1981).

**V.    The defendants will not be prejudiced by allowing the plaintiff to proceed by anonymous name**

Mr. Doe is not seeking to hide his identity from the defendants.  Instead, he will, once this motion is granted, disclose his identity by filing his affidavit in his actual name, with the Court under seal and he will provide this to counsel for the defendants when they enter their appearances.  "Plaintiff[] request[s] understandably that Defendants be precluded from disclosing [his] name[ ] publicly. Thus, Defendants will not be prejudiced by allowing Plaintiffs to proceed by anonymous name[ ]."  *John Does I-IV*, 2006 WL 2289187 at *3.

**VI.    There is not a strong public interest in disclosing the plaintiff's actual name**

There will be no contested factual issues in this case.  The only relevant fact is that Mr. Doe is a sex offender who falls within the prohibition and criminal penalties of the challenged statute.  Thus this case presents not contested facts but the pure question of law as to whether this statute is constitutional.  In analyzing the public interest this Court must consider "'whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing [the] litigants' identities.'" *Free Speech v. Reno*, 1999 WL 47310, *2 (S.D.N.Y. 1999) (quoting *Doe v. Provident Life and Acc. Ins. Co.,* 176 F.R.D. 464, 467 (E.D. Pa. 1997)).

Moreover, this is a class action and the plaintiff represents not only himself, but the many other sex offenders in Marion County who are subject to the challenged statute.  There is minimal public interest in knowing the identity of the particular person who brought the case. The public interest is in being able to follow the case to determine how the constitutional issues are resolved.  "Doe's use of a pseudonym will not interfere with the public's right or ability to follow the proceedings. Indeed, this Court intends to keep the proceeding open to the public while still maintaining the confidentiality of plaintiff''s identity." *Doe v. Provident Life*, 176

F.R.D. at 468. *See also John Does I-IV*, 2006 WL 2289187 at *3 (quoting *Doe v. Provident Life*).

### VII. The numerous other cases allowing sex offenders to proceed by anonymous names in cases challenging burdens and requirements imposed upon them support allowing Mr. Doe to proceed anonymously here as well

As is indicated above, it is Mr. Doe's burden to demonstrate that circumstances are present here that justify anonymous name status. This is, necessarily, in part a factual determination within the discretion of this Court. *See James v. Jacobson*, 6 F.3d at 238. However, it is of some relevance that in numerous other cases where sex offenders sought to challenge sundry burdens and requirements imposed because of their status as sex offenders courts have seen fit to allow the plaintiffs to proceed by anonymous name. *See e.g., Smith v. Doe*, 538 U.S. 84 (2003)[1]; *Doe v. Penn. Bd. of Prob. and Parole*, 513 F.3d 95. 98 (3rd Cir. 2008); *Doe v. Michigan Dept. of State Police,* 490 F.3d 491, 496 (6th Cir. 2007); *Paul P. v. Farmer,* 227 F.3d 98 (3rd Cir. 2000); *Doe v. Sauer*, 186 F.3d 903, 904 (8th Cir. 1999); *Doe v. Pataki*, 120 F.3d 1263, 1265 (2nd Cir. 1997); *E.B. v. Verniero*, 119 F.3d 1077 (3rd Cir. 1997); *G.B. v. Rogers,* 2009 WL 1322451, *1 n.1 (S.D. Ohio May 11, 2009); *Doe v. Heil,* 2008 WL 4889550 (D. Col. Nov. 13, 2008); *Doe v. Shurtleff,* 2008 WL 4427594, *1 (D. Utah Sept. 25, 2008), *vacated on other grounds*, 2009 WL 2601458 (D. Utah. Aug. 20, 2009), *aff'd,* 628 F.3d 1217 (10th Cir. 2010) (en banc), *cert. denied*, ; *Woe v. Spitzer*, 571 F. Supp. 2d 382, 383 (E.D.N.Y. 2008); *Doe v. McVey*, 381 F. Supp. 2d 443, 444 (E.D. Pa. 2005), *af'd,* 513 F.3d 95 (3rd Cir. 2001); *Doe v. Ward,* 124 F. Supp. 2d 900, 902, n. 2 (W.D. Pa. 2000); *Roe v. Farwell,* 999 F. Supp. 174, 177, n. 2 (D. Mass. 1998); *Doe v. Gregoire,* 960 F. Supp. 1478, 1480, n. 1 (W.D. Wash.1997).

---

[1] The Supreme Court in *Smith* did not mention the anonymous name issue. However, the Court of appeals noted that it had reversed a district court order that had denied plaintiffs the right to proceed by anonymous name. *Doe I v. Otte*, 259 F.3d 979, 983 (9th Cir. 2001), *rev'd on other grounds*, 538 U.S. 84 (2003).

Although not specifically mentioned, it is presumed that plaintiffs were allowed to proceed by anonymous name as well in *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003); *Doe v. Munoz,* 507 F.3d 961 (6th Cir. 2007); *Doe v. Moore,* 410 F.3d 1337 (11th Cir. 2005); *Doe v. Miller,* 405 F.3d 700 (8th Cir. 2005); *Doe v. City of Lafayette, Indiana,* 377 F.3d 757 (7th Cir. 2004) (*en banc*)[2]; *Doe v. Simon,* 221 F.3d 137 (2nd Cir. 2000); *Doe v. LaFleur*, 179 F.3d 613 (8th Cir. 1999); *Roe v. Office of Adult Probation,* 125 F.3d 47 (2nd Cir. 1997); *Doe v. Nebraska*, 734 F. Supp. 2d 882 (D. Neb. 2010); *Doe v. Biang*, 2006 WL 1302408 (N.D. Ill. May 4, 2006); *Doe v. Petro*, 2005 WL 1038846 (S.D. Ohio May 3, 2005); *Doe v. Baker*, 2006 WL 905368 (N.D. Ga. Apr. 5, 2006); *Doe v. Pryor*, 61 F.Supp.2d 1224 (M.D. Ala. 1999); *Doe v. Bredesen*, 2006 WL 849849 (E.D. Tenn. Mar 28, 2006), *aff'd,* 507 F.3d 998 (6th Cir. 2007); *Doe v. Smith,* 2006 WL 383514 (N.D.N.Y. Feb. 16, 1996).

**VIII. Conclusion**

Plaintiff has met his burden here. He should be allowed to proceed in this case under the anonymous name of "John Doe." His attorney should be ordered to file, under seal, plaintiff's affidavit in plaintiff's actual name and a copy of this should be sent to defendants' counsel when they enter their appearances and the defendants should be ordered not to publicly disclose plaintiff's identity.

/s/ *Kenneth J. Falk*
Kenneth J. Falk
No. 6777-49
ACLU of Indiana

---

[2] The Seventh Circuit's decision does not mention that the plaintiff's name, John Doe, is a pseudonym. However, undersigned counsel represented plaintiff and represents that plaintiff was granted anonymous name status by the district court.

                                            1031 E. Washington St.
                                            Indianapolis, IN 46202
                                            317/635-4059 ext. 104
                                            fax: 317/635-4105
                                            e-mail:kfalk@aclu-in.org

                                            Attorney for Plaintiff

## Certificate of Service

       I hereby certify that on this 18th day of January, 2012, a copy of the foregoing was filed electronically with the Clerk of this Court. I was also mailed on this date to the following parties by first class U.S. postage, pre-paid.

City of Indianapolis, Indiana
c/o Mayor, City of Indianapolis
Room 2501
City County Building
200 E. Washington St.
Indianapolis, IN 46204

Marion County Prosecutor
251 E. Ohio Street
Suite 160
Indianapolis, IN 46204

                                            /s/ *Kenneth J. Falk*
                                            Kenneth J. Falk
                                            Attorney at Law