UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE, *et al.*, )<br>)<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>CITY OF INDIANAPOLIS, INDIANA, )<br>*et al.*, )<br>)<br>    Defendants. ) | No. 1:12-cv-0062 TWP-MJD |

**Plaintiff's Motion to Certify Case as Class Action**

Plaintiff, by his counsel, moves that this Court certify this case as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. In support of this motion he says that:

1. This action is brought by plaintiff on his own behalf and on behalf of a class of those similarly situated pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.

2. The class is defined as:

   all Marion County residents required to register as sex or violent offenders pursuant to Indiana law who are not subject to any form of supervised release and who have been found to be a sexually violent predator under Indiana law or who have been convicted of one or more of the offenses noted in Indiana Code § 35-42-4-12(b)(2) and who are not within the statutory exceptions noted in Indiana Code § 35-42-4-12(a).

3. As defined, the class meets all the requirements of Rule 23(a) of the Federal Rules of Civil Procedure. Specifically:

   a. The class is so numerous that joinder of all members is impracticable. The exact size of the class must be ascertained through discovery. However, it is believed to be more than 100.

   b. There are questions of law or fact common to the class – whether Indiana Code § 35-42-4-12 is unconstitutional to the extent that it prohibits plaintiff and the class,

    under penalty of criminal prosecution, from using a social networking site or an instant messaging or chat room program if the site or program can be accessed or used by persons under the age of 18.

  c.  The claims of the plaintiff are typical of those of the class.

  d.  The plaintiff will fairly and adequately protect the interest of the class. Undersigned counsel is an appropriate person to be appointed class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.  The further requirements of Rule 23(b)(2) of the Federal Rules of Civil Procedure are met here in that the parties opposing the class have at all times acted or refused to act on grounds that apply generally to the class, so that final injunctive relief and/or corresponding declaratory relief is appropriate respecting the class as a whole.

5.  In further support of this motion the plaintiff separately submits his memorandum of law.

  WHEREFORE, plaintiff requests that this case be certified as a class action, with the class as defined above, and that Kenneth J. Falk be appointed counsel for the class, and for all other proper relief.

                  /s/ *Kenneth J. Falk*
                  Kenneth J. Falk
                  No. 6777-49
                  ACLU of Indiana
                  1031 E. Washington St.
                  Indianapolis, IN 46202
                  317/635-4059 ext. 104
                  fax: 317/635-4105
                  e-mail:kfalk@aclu-in.org

                  Attorney for Plaintiff

Certificate of Service

  I hereby certify that on this 18<u>th</u> day of January, 2012, a copy of the foregoing was filed electronically with the Clerk of this Court. I was also mailed on this date to the following parties by first class U.S. postage, pre-paid.

City of Indianapolis, Indiana

c/o Mayor, City of Indianapolis
Room 2501
City County Building
200 E. Washington St.
Indianapolis, IN  46204

Marion County Prosecutor
251 E. Ohio Street
Suite 160
Indianapolis, IN 46204

                                                 /s/ *Kenneth J. Falk*
                                                 Kenneth J. Falk
                                                 Attorney at Law