UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN DOE, *et al.*, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  1:12-cv-0062 TWP-MJD |
| | ) | |
| CITY OF INDIANAPOLIS, INDIANA, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**Plaintiff's Memorandum in Support of Motion to Certify Case as Class Action**

**I.     Introduction**

Indiana Code § 35-42-4-12(e) makes it a crime for certain persons required to register on Indiana's sex and violent offender registry to knowingly or intentionally use a social networking web site or an instant messaging or chat room program if persons under the age of 18 have access to, or can use, the site or program.   To the extent that the persons are not under any supervised release, but are free from parole, probation, or similar restrictions, the statute is unconstitutional as violating the First Amendment.   The plaintiff in this case is subject to the statute and seeks appropriate injunctive and declaratory relief on his own behalf and on behalf of a class of those similarly situated pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.   The class is defined as:

> all Marion County residents required to register as sex or violent offenders pursuant to Indiana law who are not subject to any form of supervised release and who have been found to be a sexually violent predator under Indiana law or who have been convicted of one or more of the offenses noted in Indiana Code § 35-42-4-12(b)(2) and who are not within the statutory exceptions noted in Indiana Code § 35-42-4-12(a).

"A party seeking class certification must affirmatively demonstrate his compliance with the Rule." *Wal-Mart Stores, Inc. v. Dukes,* − U.S. − , 131 S.Ct. 2541, 2551 (2011).  However, a plaintiff does not have to show any likelihood of success on the merits.   *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974).  Of course, this does not preclude the Court from looking behind the factual allegations that must be proven to support the class, *Szabo v. Bridgeport Machines, Inc.,* 249 F.3d 672, 675-76 (7th Cir. 2001), but not the *merits.*

Additionally, this case seeks only declaratory and injunctive relief under Rule 23(b)(2). "Most class actions in the constitutional and civil rights areas seek primarily declaratory and injunctive relief on behalf of the class and therefore readily satisfy Rule 23(b)(2) class criteria." *Tyson v. Grant County Sheriff*, 2007 WL 1395563, *5 (N.D. Ind. May 9, 2007) (quoting, A. Conte & H. Newberg, 8 Newberg on Class Actions, § 25.20 (4th ed. 2002)).  Consequently, the class action rule's requirements must be "read liberally in the context of civil rights cases." *Coley v. Clinton*, 635 F.2d 1364, 1378 (8th Cir. 1980) (internal quotation and citation omitted). *See also, Christina A. ex rel Jennifer A. v. Bloomberg*, 197 F.R.D. 664, 671 (D.S.D. 2000) (same, citing *Coley*).

All the requirements of Rule 23(a) and (b)(2) are met in this case and the class should be certified.

## II.    The putative class meets the numerosity requirement

The Rule does not impose an absolute numerical requirement for class certification.  *See, e.g.*, *In re American Medical Sys Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996).  Instead, the "numerosity requirement requires examination of the specific facts of each case." *Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 330 (1980).  However, it has been held that "as few as 25-30 class members should raise a presumption that joinder would be impracticable and thus the class

should be certified." *Equal Employment Opportunity Comm'n v.  Printing Industry,* 92 F.R.D. 51, 53 (D.D.C. 1981) (citing 1 Newberg**,** *Class Actions* 1105(b) at 174 (1977)).  Thus, it is well-established that "[a] relatively small group may form a class if other considerations make joinder impracticable."  *See Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 56 (N.D. Ill. 1996) (quoting *Patrykus v. Gomilla*, 121 F.R.D. 357, 361 (N.D. Ill. 1988)).

The exact number of current class members can be ascertained through discovery. However, it is believed to be quite large.  It has been reported that there were 878 registered sex offenders in Indianapolis in August of 2011.  *Registered Sex Offenders In Indianapolis, Indiana*, www.city-data.com/so/so-Indianapolis-Indiana.html (last viewed on Jan. 10, 2012).  Not all of these men or women are in the class inasmuch as some are undoubtedly on supervised release or may not have been classified sexually violent predators or committed the specific crimes noted in Indiana Code § 35-42-4-12(b)(2).  However, given that the statutory ban includes persons convicted of many of the offenses mentioned in the definition of "sex offender," IND. CODE §11-8-8-4.5, it is not unreasonable that many of the 878 registered sex offenders are currently in the class or will be when their supervised release ends.

The fact that the class contains future members is also relevant in the numerosity analysis.  "Regardless of their number, the joinder of future [class members] is inherently impracticable."  *See Rosario*, 101 F.R.D. at 661 (citing *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1320 (9th Cir. 1982), *vacated* 459 U.S. 810 (1982); *Afro American Patrolmen's League v. Duck*, 366 F.Supp. 1095, 1099 (N.D. Ohio 1973), *aff'd and remanded*, 503 F.2d 294 (6th Cir. 1974); and *Bowe v. Colgate Palmolive Co.*, 416 F.2d 711 (7th Cir. 1969)).  Thus, in a series of cases apposite to the case at bar, more than one federal court has held that "the fluid composition of [putative class members] is particularly well suited for status as a class because

while the identity of the individuals involved may change, the nature of the harm and the basic parameters of the group affected remain constant." *Bruce v. Christian*, 113 F.R.D. 554, 557 (S.D.N.Y. 1986) (citing *Powell v. Ward*, 487 F.Supp. 917, 922 (S.D.N.Y. 1980), *aff'd and modified*, 643 F.2d 924 (2ⁿᵈ Cir. 1981)).   As the court noted in a case concerning prisoners, "numerosity is met where, as here, the class includes individuals who will become members in the future. As members *in futero*, they are necessarily unidentifiable, and therefore joinder is clearly impracticable." *Skinner v. Uphoff*, 209 F.R.D. 484, 488 (D. Wyo. 2002).

Furthermore, it has been held that "a class with a revolving membership renders joinder impracticable and satisfies the numerosity requirement." *See Ray M. v. Board of Educ.*, 884 F.Supp. 696, 705 (E.D.N.Y. 1995) (citing *Andre H. v. Ambach*, 104 F.R.D. 606, 611 (S.D.N.Y. 1985), and *Arthur v. Starrett City Associates*, 98 F.R.D. 500, 505–06 (E.D.N.Y. 1983)).   An identical conclusion was reached in *Green v. Johnson*, 513 F.Supp. 965, 975 (D. Mass. 1981), and in *Phillips v. Joint Legislative Committee on Performance & Expenditure Review*, 637 F.2d 1014, 1022 (5th Cir. 1981).

The numerosity requirement is met here.

### III.   The class presents common questions of law or fact

Rule 23(a)(2) requires that the proposed class present common questions of law or fact. This requires that the claims of the plaintiff and the class "depend upon a common contention . . . of such a nature that it is capable of classwide resolution."   *Wal-Mart v. Dukes,* 131 S.Ct. at 2551. Several federal courts have held that the uniform application of a law to all members of a class fulfills the requirement of Rule 23(a)(2), particularly where the plaintiff class alleges the same constitutional harm resulting from the law.  *See Schmitt v. United States*, 203 F.R.D. 387, 401 (S.D. Ind. 2001).  In *Schmitt*, Chief Judge Young ruled that a federal law, the National Trails

Act, that converted a right-of-way passing through landowners' properties into recreational trails presented common questions of law where the class members alleged an unconstitutional taking under the Fifth Amendment, even though each landowner's deed was slightly different. *See Id.* at 397-400. The Court noted that "this action is based upon uniform application of a single . . . statute" and that all the plaintiffs raised the same legal claim. *Id.* at 401. Courts have similarly found that a common policy or scheme applied to all members of a class fulfills the requirement of Rule 23(a)(2). *See, e.g., Fujishima v. Bd. of Educ.*, 460 F.2d 1355 (7th Cir. 1972); *Like v. Carter*, 448 F.2d 798 (8th Cir. 1971); *Jones v. Blinzinger*, 536 F. Supp. 1181, 1189 (N.D. Ind. 1982).

Distinctions in the facts of individual class members' claims do not preclude a finding that the commonality requirement is met. *Patterson v. General Motors Corp.*, 631 F.2d 476, 481 (7th Cir. 1980). Rather, a "common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir. 1992). A common nucleus of fact is typically found where "defendants have engaged in standardized conduct towards members of the proposed class." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998).

In this case all the members of the putative class are in the same position. They are, by virtue of their past offenses, subject to a law which plaintiff asserts violates the First Amendment. This clearly meets the commonality requirement as presenting a common question of law uniting the class.

## IV.   The typicality requirement is met

Rule 23(a)(3) requires that the claims of the representative parties be typical of those of the class. The standard for determining typicality is not that there need be identity of interest

between the named plaintiff and the class that he seeks to represent, but rather that there be a "'sufficient homogeneity of interest.'" *Jones*, 536 F. Supp. at 1190 (quoting *Sosna v. Iowa*, 419 U.S. 393, 403 n.13 (1975)).  "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir. 1983) (citation and internal quotation omitted).  The typicality requirement is satisfied "when all members of the class would benefit from the named plaintiffs' action." *Gulino v. Bd. of Educ.*, 201 F.R.D. 326, 332 (S.D.N.Y. 2001) (citing *Cutler v. Perales*, 128 F.R.D. 39, 44 (S.D.N.Y. 1989)).

The plaintiff meets this requirement.  He seeks a declaration and injunction on behalf of all class members.  A favorable judgment will therefore benefit both the named plaintiff and all class members.  Furthermore, there are no unique problems precluding the named plaintiff from pursuing his claim. He is, therefore, typical of the classes that he seeks to represent. *See e.g., Cortigiano v. Oceanview Manor Home For Adults*,  227 F.R.D. 194, 206 (E.D.N.Y. 2005); *Lawson v. Metropolitan Sanitary Dist. of Greater Chicago*,  102 F.R.D. 783, 792-93 (C.D. Ill. 1983).

## V.     The requirement that the plaintiff will fairly and adequately protect the class' interests is also met

Rule 23(a)(4), the "adequacy" requirement, mandates that the class representative's interest and his counsel be such that they can and will vigorously pursue the class's interests as well as their own.  *Hohmann v. Packard Instrument Co.*, 399 F.2d 711, 713-14 (7th Cir. 1968). The Court can take judicial notice that plaintiff's counsel,  Kenneth Falk, has represented numerous plaintiffs and plaintiff-classes in class actions seeking declaratory and injunctive relief

and can form its own conclusions as to counsel's competency.[1]   Moreover, since the relief the plaintiff seeks "is identical to the relief sought for the entire class, it is not inconsistent in any way with the interests of the members of the class." *Jones*, 536 F.Supp. at 1190.

The named plaintiff wishes to be free from the unconstitutional restrictions and risk of prosecution created by the challenged statute.  He therefore has a stake in the proceedings that will "insure diligent and thorough prosecution of the litigation." *Rodriguez v. Swank*, 318 F.Supp. 289, 294 (N.D. Ill. 1970), *aff'd*, 403 U.S. 901 (1971).   The adequacy requirement is therefore met.

## VI.    The requirements of Rule 23(b)(2) are also satisfied here

The final requirement for class certification is stated in Rule 23(b)(2).  In order to meet the requirement of Rule 23(b)(2), the party who opposes the class must have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."   As noted above, a leading treatise has summarized:

> Rule 23(b)(2) was drafted specifically to facilitate relief in civil rights suits.  Most class actions in the constitutional and civil rights areas seek primarily declaratory and injunctive relief on behalf of the class and therefore readily satisfy Rule 23(b)(2) class action criteria.

A. Conte & H. Newberg, *Newberg on Class Actions*, § 25.20 (4th ed. 2002).  The challenged statute applies to the class and, certainly, if the plaintiff prevails injunctive and declaratory relief will be warranted.  The requirements of Rule 23(b)(2) are therefore met.

## VII.   Conclusion

Accordingly, the requested class should be certified.

---

[1]     This Court should also appoint counsel as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

/s/ *Kenneth J. Falk*
Kenneth J. Falk
No. 6777-49
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059 ext. 104
fax: 317/635-4105
e-mail:kfalk@aclu-in.org

Attorney for Plaintiff

<u>Certificate of Service</u>

I hereby certify that on this <u>18th</u> day of January, 2012, a copy of the foregoing was filed electronically with the Clerk of this Court. I was also mailed on this date to the following parties by first class U.S. postage, pre-paid.

City of Indianapolis, Indiana
c/o Mayor, City of Indianapolis
Room 2501
City County Building
200 E. Washington St.
Indianapolis, IN 46204

Marion County Prosecutor
251 E. Ohio Street
Suite 160
Indianapolis, IN 46204

/s/ *Kenneth J. Falk*
Kenneth J. Falk
Attorney at Law