UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) NO. 1:12-cv-00062-TWP-MJD |
| | ) |
| CITY OF INDIANAPOLIS, INDIANA, | ) |
| PROSECUTOR, MARION COUNTY, | ) |
| INDIANA, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S MOTION TO PROCEED BY ANONYMOUS NAME AND MOTION TO SEAL AFFIDAVIT CONTAINING ACTUAL NAME**

This matter is before the Court on Plaintiff's Motion to Proceed by Anonymous Name and Motion to Seal Affidavit Containing Actual Name. [Dkt. 6]. The Court, being duly advised, **GRANTS** Plaintiff's Motion.

## I. Background

Plaintiff is a sex offender who is required to register on Indiana's sex and violent offender registry. He is challenging Indiana Code §35-42-4-12, which bars him from ever using social networking websites or instant messaging or chat room programs unless those sites preclude access by those less than 18 years of age. The statute makes use of such sites a crime.

Plaintiff has brought this action on his own behalf, and on behalf of a class of those similarly situated, to challenge the constitutionality of the statute. Plaintiff seeks permission from the Court to proceed in this action by the anonymous name John Doe. Defendants do not

1

object to Plaintiff's Motion. Plaintiff contends that he and his minor child, who is in his physical and legal custody, face threats of harm if his name becomes publicly known in connection with this lawsuit.

## II. Legal Standard

There is a strong presumption in favor of open proceedings in which all parties are identified, but federal courts also have discretion to allow a plaintiff to proceed by anonymous name. *Doe v. Indiana Black Expo. Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996). The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right that outweighs the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *John Doe I-IV v. City of Indianapolis*, 1:06-cv-865-RLY-WTL, 2006 WL 2289187, at *1-2 (S.D. Ind. Aug. 7, 2006). In determining whether to allow a plaintiff to proceed anonymously, the six-factor test articulated in *EW v. New York Blood Center*, 213 F.R.D. 108 (E.D.N.Y. 2003) is helpful:

> (1) whether the plaintiff is challenging governmental activity or an individual's actions; (2) whether the plaintiff's action requires disclosure of information of the utmost intimacy; (3) whether the action requires disclosure of the plaintiff's intention to engage in illegal conduct; (4) whether identification would put the plaintiff at risk of suffering physical or mental injury; (5) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously; and (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.

*Id*. at 111; see *also Doe v. Ind. Black Expo, Inc.*, 923 F. Supp. 137, 140 (S.D. Ind. 1996) (applying nearly identical five-factor test). Discretion when applying this test lies with the district court. *K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997). The Court will address each of these factors in turn.

## III. Discussion

Under the first factor, Plaintiff is directly challenging the actions of the government and the application of a statute. Generally, where a plaintiff attacks governmental activity, such as a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong. *John Does I-IV*, 2006 WL 2289187 at *1-2. (quoting *Roe v. Wade*, 410 U.S. 113 (1973)). Thus, the first factor favors Plaintiff's request.

The second factor would require Plaintiff to disclose his name and that he is a convicted sex offender. Plaintiff's sex-offender status is already public; however, by requiring Plaintiff to be named in this case, he will lose the anonymity provided by the sheer number of offenders on the registry. Without anonymity, Plaintiff's name would be stand alone on all legal documents concerning this lawsuit. Requiring Plaintiff to identify himself, and thus publically reaffirm his status as a sex offender, is an additional and unnecessary burden on Plaintiff, especially considering he challenges the statute on behalf of a class. On the other hand, Plaintiff chose to bring this case in a public forum and it was his past actions that led to him being subjected to the challenged statute. Overall, however, the Court finds this factor to also favor Plaintiff's request.

The Court finds the third factor not particularly useful in this analysis. Plaintiff does not intend to violate the statute; rather, he challenges its constitutionality.

The fourth factor lends support for anonymity. It is solidly in the record that Plaintiff and his minor son have been targeted for violence based upon Plaintiff's status as a sex offender. It is reasonable for Plaintiff to fear retaliation from his challenge to this statute. Courts have noted that anonymous name status may be granted where the plaintiff is a minor, rape or torture victim, a closeted homosexual, or a likely target of retaliation by people who would learn his identity

3

only from a judicial opinion or other court filing. *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). If Plaintiff were named, not only would his past crimes be highlighted, but he would also be identified as the person challenging the constitutionality of a statute that was created to protect the public, which could make Plaintiff an even bigger target for retaliation. Allowing the plaintiff to bring this case anonymously reduces this risk. Thus, this factor favors Plaintiff's request.

Under factor five, Defendants are not prejudiced because Defendants will have access to Plaintiff's personal information during the course of the trial. Further, Defendants have not opposed this motion, which is further evidence that their interest is satisfied. Thus, this factor favors Plaintiff's request.

Lastly, the public's interest in disclosure is weakened because Plaintiff's case presents a pure issue of law and he represents a class. He is not challenging his place on the sex offender registry, which is open to the public. Rather, he is examining a particular statute he believes is unconstitutional. It does not benefit the public to know the named party in this complaint. Although the status of sex offenders in our community is a sensitive topic, allowing Plaintiff to remain anonymous will not interfere with the ability of the public to ascertain the status of this case. Because Plaintiff is part of a class, his particular name is irrelevant. Thus, the sixth factor favors Plaintiff's request as well.

Despite the fact that the Seventh Circuit has expressed disapproval of anonymous litigants, in this case, it is appropriate for this Court to conclude that Plaintiff's need for anonymity outweighs the presumption of openness in judicial proceedings. This decision is appropriate because Plaintiff is challenging a government action, Plaintiff and his minor child

have been subject to retaliation in the past, and the public interest is muted by the fact that Plaintiff is challenging a pure issue of law and he represents a larger class.

## IV. Conclusion

For the reasons discussed above, the court **GRANTS** Plaintiff's Motion to proceed by anonymous name and Motion to Seal affidavit containing actual name. [Dkt. 6]. **IT IS HEREBY ORDERED:**

1. Plaintiff may proceed in this case under the anonymous name of John Doe.
2. Plaintiff's counsel shall file the affidavit of Plaintiff, signed in his actual name, under seal with the Clerk of this Court.
3. All exhibits, memoranda, affidavits and other papers filed with the Court in connection with this action shall be written or redacted so as to exclude Plaintiff's true identity and to refer to Plaintiff by his anonymous name.
4. Any document that contains Plaintiff's actual name shall be filed under seal.
5. Counsel for Plaintiff shall provide Plaintiff's actual name and Plaintiff's affidavit signed in his actual name to the Defendants' counsel immediately upon entry of this Order. Defendants' counsel may in turn provide Plaintiff's actual name to Defendants and to others:
    a. If and to the extent knowledge of such actual names is necessary to defend this action; and
    b. Provided any intended recipient of the actual name has first agreed in writing to be bound by this Order.

Except as set forth in this paragraph, neither Defendants' counsel, Defendants, Defendants' agents, Defendants' employees, Defendants' assigns, or any other recipients of the actual name, shall further disclose the name to anyone, including without limitation to the public, to law enforcement, or the media.

6. Defendants' counsel, Defendants, Defendants' agents, Defendants' employees, Defendants' assigns, and all other recipients of the true name shall use the name for purposes of this litigation only. They shall not use the actual name or identity of the Plaintiff for any other purpose.

7. The provisions of this Order shall survive the termination of the litigation.

Dated: 02/27/2012

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution List:

David A. Arthur
OFFICE OF THE ATTORNEY GENERAL
David.Arthur@atg.in.gov

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org

Justin F. Roebel
CITY OF INDIANAPOLIS, OFFICE OF CORPORATION COUNSEL
jroebel@indygov.org

Kate E. Shelby
INDIANA ATTORNEY GENERAL
kate.shelby@atg.in.gov

Alexander Phillip Will
OFFICE OF CORPORATION COUNSEL
awill@indygov.org