UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
AT INDIANAPOLIS

| | |
|---|---|
| JOHN DOE, et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:12-cv-0062 TWP-MJD |
| | ) |
| CITY OF INDIANAPOLIS, INDIANA et al., | ) |
| | ) |
| Defendants. | ) |

## ANSWER

Defendant Prosecutor, Marion County, Indiana, by counsel, David A. Arthur, Deputy Attorney General, for answer to the complaint herein, alleges and states that:

1.     Indiana Code § 35-42-4-12(e) makes it a crime for certain sex offenders required to register on Indiana's sex and violent offender registry to knowingly or intentionally use a social networking web site or an instant messaging or chat room program if persons under the age of 18 have access to, or can use, the site or program.  To the extent that the sex offenders are not under any supervised release, but are free from parole, probation, or similar restrictions, the statute is unconstitutional as violating the First Amendment.  John Doe, a sex offender was released from probation in 2004.  However, he is required to register as a sex offender for life and is subject to the prohibition and penalties of Indiana Code § 35-42-4-12(e) for his entire life.  He seeks appropriate injunctive and declaratory relief on his own behalf and on behalf of a class of those similarly situated.

**Answer**:  This paragraph is introductory and no response is needed.  To the extent a response is required, defendant denies that plaintiff or the class is entitled to any relief in this action.

**Jurisdiction, venue, and cause of action**

2.     This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331.

**Answer**: Admitted.

3. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

**Answer**: Admitted, but it is denied that relief is warranted in this action.

4. Venue is proper in this district and Court pursuant to 28 U.S.C. § 1391.

**Answer**: Admitted.

5. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

**Answer**: Admitted, but it is denied that relief is warranted in this action or that there has been a deprivation of rights.

**Parties**

6. John Doe, a pseudonym, is an adult resident of Marion County, Indiana.

**Answer**: Admitted.

7. The City of Indianapolis, Indiana, is a municipal entity, and houses a number of agencies, including the police agency, the Indianapolis Metropolitan Police Department.

**Answer**: This allegation is moot in light of the dismissal of the City as a defendant.

8. The Marion County Prosecutor is the duly elected official who prosecutes criminal activity within the City of Indianapolis. The office is sued pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

**Answer**: The first sentence is admitted. The second sentence is denied.

**Class action allegations**

9. This action is brought by plaintiff on his own behalf and on behalf of a class of those similarly situated pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.

      **Answer**:  Admitted.

10.    The class is defined as:

      all Marion County residents required to register as sex or violent offenders pursuant to Indiana law who are not subject to any form of supervised release and who have been found to be a sexually violent predator under Indiana law or who have been convicted of one or more of the offenses noted in Indiana Code § 35-42-4-12(b)(2) and who are not within the statutory exceptions noted in Indiana Code § 35-42-4-12(a).

      **Answer**:  Admitted.

11.    As defined, the class meets all the requirements of Rule 23(a) of the Federal Rules of Civil Procedure.  Specifically:

    a.    The class is so numerous that joinder of all members is impracticable.  The exact size of the class must be ascertained through discovery.  However, it is believed to be more than 100.

    b.    There are questions of law or fact common to the class – whether Indiana Code § 35-42-4-12 is unconstitutional to the extent that it prohibits plaintiff and the class, under penalty of criminal prosecution, from using a social networking site or an instant messaging or chat room program.

    c.    The claims of the plaintiff are typical of those of the class.

    d.    The plaintiff will fairly and adequately protect the interest of the class.  Undersigned counsel is an appropriate person to be appointed class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

      **Answer**:  This defendant is without sufficient information to admit or to deny this allegation.

12.    The further requirements of Rule 23(b)(2) of the Federal Rules of Civil Procedure are met here in that the parties opposing the class have at all times acted or refused to act on grounds that apply generally to the class, so that final injunctive relief and/or corresponding declaratory relief is appropriate respecting the class as a whole.

      **Answer**:  This defendant is without sufficient information to admit or to deny this allegation.

**Legal Background**

13. Indiana Code § 35-42-4-12 provides:

    (a) This section does not apply to a person to whom all of the following apply:

        (1) The person is not more than:

            (A) four (4) years older than the victim if the offense was committed after June 30, 2007; or

            (B) five (5) years older than the victim if the offense was committed before July 1, 2007.

        (2) The relationship between the person and the victim was a dating relationship or an ongoing personal relationship. The term "ongoing personal relationship" does not include a family relationship.

        (3) The crime:

            (A) was not committed by a person who is at least twenty-one (21) years of age;

            (B) was not committed by using or threatening the use of deadly force;

            (C) was not committed while armed with a deadly weapon;

            (D) did not result in serious bodily injury;

            (E) was not facilitated by furnishing the victim, without the victim's knowledge, with a drug (as defined in IC 16-42-19-2(1)) or a controlled substance (as defined in IC 35-48-1-9) or knowing that the victim was furnished with the drug or controlled substance without the victim's knowledge; and

            (F) was not committed by a person having a position of authority or substantial influence over the victim.

    (b) This section applies only to a person required to register as a sex or violent offender under IC 11-8-8 who has been:

        (1) found to be a sexually violent predator under IC 35-38-1-7.5; or

        (2) convicted of one (1) or more of the following offenses:

            (A) Child molesting (IC 35-42-4-3).

            (B) Child exploitation (IC 35-42-4-4(b)).

>> (C) Possession of child pornography (IC 35-42-4-4(c)).
>
> (D) Vicarious sexual gratification (IC 35-42-4-5(a) or IC 35-42-4-5(b)).
>
> (E) Sexual conduct in the presence of a minor (IC 35-42-4-5(c)).
>
> (F) Child solicitation (IC 35-42-4-6).
>
> (G) Child seduction (IC 35-42-4-7).
>
> (H) Kidnapping (IC 35-42-3-2), if the victim is less than eighteen (18) years of age and the person is not the child's parent or guardian.
>
> (I) Attempt to commit or conspiracy to commit an offense listed in clauses (A) through (H).
>
> (J) An offense in another jurisdiction that is substantially similar to an offense described in clauses (A) through (H).

(c) As used in this section, "instant messaging or chat room program" means a software program that requires a person to register or create an account, a username, or a password to become a member or registered user of the program and allows two (2) or more members or authorized users to communicate over the Internet in real time using typed text. The term does not include an electronic mail program or message board program.

(d) As used in this section, "social networking web site" means an Internet web site that:

> (1) facilitates the social introduction between two (2) or more persons;
>
> (2) requires a person to register or create an account, a username, or a password to become a member of the web site and to communicate with other members;
>
> (3) allows a member to create a web page or a personal profile; and
>
> (4) provides a member with the opportunity to communicate with another person.

The term does not include an electronic mail program or message board program.

(e) A person described in subsection (b) who knowingly or intentionally uses:

> (1) a social networking web site; or
>
> (2) an instant messaging or chat room program;

that the offender knows allows a person who is less than eighteen (18) years of age to access or use the web site or program commits a sex offender Internet offense, a Class A misdemeanor. However, the offense is a Class D felony if the person has a prior unrelated conviction under this section.

(f) It is a defense to a prosecution under this section that the person:

> (1) did not know that the web site or program allowed a person who is less than eighteen (18) years of age to access or use the web site or program; and

> (2) upon discovering that the web site or program allows a person who is less than eighteen (18) years of age to access or use the web site or program, immediately ceased further use or access of the web site or program.

**Answer**: Admitted.

**Factual allegations**

14. John Doe was arrested in 2000 in Marion County, Indiana, and was eventually convicted of two counts of child exploitation.

    **Answer**: Admitted.

15. He was convicted in two separate cause numbers with the last conviction in 2002.

    **Answer**: Admitted.

16. After a term of imprisonment he was released in 2003 and was placed on probation.

    **Answer**: Admitted.

17. He was released from probation in 2004.

    **Answer**: Admitted.

18. He is not currently on any form of supervised release.

    **Answer**: This defendant is without sufficient information to admit or to deny this allegation.

19. He has not been convicted of any offenses since his 2000 arrest.

    **Answer**: This defendant is without sufficient information to admit or to deny this allegation.

20. He is required to register on the Indiana sex and violent offender registry for his entire lifetime.

**Answer**: Admitted.

21. Child exploitation is one of offenses noted in Indiana Code § 35-42-4-12 and Mr. Doe does not fall within the exceptions noted in Indiana Code § 35-42-4-12(a). As a result he is subject to the prohibition on use of social networking websites and instant messaging or chat room programs contained in the statute.

**Answer**: Admitted.

22. Because he is required to register for the remainder of his life he may not use social networking websites or instant messaging or chat room programs that persons under the age of 18 have access to, or can use, for the rest of his life.

**Answer**: Admitted.

23. He desires to utilize these social networking websites and instant messaging or chat room programs for legitimate and lawful purposes.

**Answer**: This defendant is without sufficient information to admit or to deny this allegation.

24. The ban on social networking websites, instant messaging, and chat room programs precludes Mr. Doe from discussing matters of public concern as many of these discussions now take place on social networking sites that persons under the age of 18 have access to and/or use.

**Answer**: Denied.

25. A prominent social networking site is Facebook. Persons under the age of 18 have access to Facebook and use this site. The *New York Times* reports that as of December of 2011, Facebook had 200 million members in the United States, or roughly two-thirds of the population.

(http://www.nytimes.com/2011/12/14/technology/shunning-facebook-and-living-to-tell-about-it.html).

**Answer**: This defendant is without sufficient information to admit or to deny this allegation.

26. Many organizations and government entities have Facebook sites so that communication with the entities must be through Facebook. In order to make an on-line comment to the *Indianapolis Star* a person must log in to Facebook. Many other media sites utilize Facebook as well. All of Mr. Doe's elected federal representatives have Facebook sites and Mr. Doe is precluded from interacting with his elected representatives in this manner.

**Answer**: This defendant is without sufficient information to admit or to deny this allegation.

27. Social networking sites are also used by businesses to advertise and to hire new employees. In 2011, 89% of all companies used social media networks to recruit potential employees. (http://mashable.com/2011/08/28/social-media-recruiting-infographic/).

**Answer**: This defendant is without sufficient information to admit or to deny this allegation.

28. Mr. Doe owns and operates a business and he is unable to participate in social networking sites that cater to businesses and professionals. For example, LinkedIn is a social networking site that describes itself as the world's largest professional network with more than 135 million members worldwide. (http://press.linkedin.com/about). A persons must indicate that they are 18 or older to use LinkedIn (http://www.linkedin.com/static?key=user_agreement) but partial LinkedIn profiles can be accessed by persons of any age.

**Answer**: This defendant is without sufficient information to admit or to deny this allegation.

29. Social networking sites, accessible by persons under the age of 18, are also used for technical support for consumer items and as a way for consumers to obtain and share information about products and services.

**Answer**:  This defendant is without sufficient information to admit or to deny this allegation.

30.     Many persons utilize social networking web sites, accessible and/or used by persons under the age of 18, as their primary outlet for communicating and discussing issues with others.

**Answer**:  This defendant is without sufficient information to admit or to deny this allegation.

31.     These sites allow persons to join in discussions with others in a way that cannot be done by more traditional forms of communications.

**Answer**:  This defendant is without sufficient information to admit or to deny this allegation.

32.     Indiana Code § 35-42-4-12 prevents Mr. Doe and the class from accessing important and significant methods of communication, information gathering, and commerce.  Indeed, the statute prohibits Mr. Doe and the class from even viewing these sites, even if Mr. Doe and the class do not participate in any discussions.

**Answer**:  Denied.

33.     However, if Mr. Doe would utilize a social networking site, instant messaging, or chat room program that was used by, or accessible to, persons under the age of 18, he would be subject to arrest by the Indianapolis Metropolitan Police Department and prosecution by the Marion County Prosecutor.

**Answer**:  Admitted.

34.     Mr. Doe is therefore refraining from engaging in this expressive activity because he does not wish to break the law and does not wish to be arrested and prosecuted.

**Answer**:  This defendant is without sufficient information to admit or to deny this allegation.

35.     The actions and inactions of defendants are causing plaintiff and the class irreparable harm for which there is no adequate remedy at law.

**Answer**:  Denied.

36.     At all times defendants have acted under color of state law.

    **Answer**:  Admitted.

**Claim for relief**

37.     To the extent that Indiana Code § 35-42-4-12 precludes plaintiff and the class from accessing social networking sites, instant messaging, or chat room programs for legitimate purposes, the statute unconstitutionally prevents and penalizes expressive conduct in violation of the First Amendment to the United States Constitution.

    **Answer**:  Denied.

    WHEREFORE, defendant requests that plaintiff take nothing by way of his complaint, that judgment be entered for the defendant and that the court grant him all other just and proper relief. Respectfully submitted,

>                    GREGORY F. ZOELLER
>                    Indiana Attorney General
>                    Attorney No. 1958-98
>
>                    By: *s/David A. Arthur*
>                    David A. Arthur
>                    Deputy Attorney General
>                    Atty. No. 2461-48
>                    I.G.C.S. – 5th Floor
>                    302 W. Washington Street
>                    Indianapolis, IN  46204
>                    Telephone:    (317) 232-6286
>                    Fax:          (317) 232-7979

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2012, I electronically filed the foregoing answer with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Kenneth J. Falk
ACLU of Indiana
kfalk@aclu-in.org

                                              *s/David A. Arthur*
                                              David A. Arthur
                                              Deputy Attorney General

Office of the Indiana Attorney General
Indiana Government Center South, 5th Floor
302 W. Washington Street
Indianapolis, IN  46204
Telephone:        (317) 232-6286
Fax:                    (317) 232-7979