UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN DOE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  1:12-cv-0062  TWP-MJD |
| | ) | |
| PROSECUTOR, MARION COUNTY, | ) | |
| INDIANA, | ) | |
| | ) | |
| Defendant. | ) | |

**Plaintiffs' Trial Brief**

**I.      Introduction**

Plaintiffs ("the former offenders") have previously filed a memorandum in support of their preliminary injunction request (Doc. No. 35), detailing why Indiana Code § 35-42-4-12 is unconstitutional on its face to the extent that it makes it a crime for certain persons required to register as sex offenders to knowingly or intentionally utilize social networking sites or instant messaging or chat room programs to which persons under the age of 18 have the use of or to which they have access.  Subsequent to the filing of this memorandum the Court, with consent of the parties, consolidated the trial on the merits with the preliminary injunction hearing pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure.   In its Order of March 30, 2012 (Doc. No. 40), the Court has afforded the former offenders the opportunity to supplement their earlier memorandum in advance of the trial.  Supplementation is largely unnecessary as the preliminary injunction memorandum clearly demonstrates why the statute is unconstitutional and why the former offenders are entitled to a permanent, as well as a preliminary, injunction.

## II.    Facts

At this juncture it is believed that the parties will enter into stipulations and that there will be no live evidence adduced at the consolidated trial and preliminary injunction hearing.   The former offenders have, in their preliminary injunction memorandum (Doc. No. 35), summarized the facts presented by affidavits from the plaintiff, John Doe, as well as Professor Fred Cate. (Doc. Nos. 34-1, 34-2).   These facts will not be repeated and should be deemed incorporated in this document.   Subsequent to the filing of this memorandum the former offenders submitted another affidavit, from Butler University Associate Professor Margaretha Geertsma-Sligh, Ph.D., which presents additional as well as evidence that is duplicative to that established by Professor Cate. (Doc. No. 41). Dr. Geertsma-Sligh notes that:

- The definitions of instant messaging or chat room program and social networking web site contained in the challenged statute, Indiana Code § 35-42-4-12, encompasses "a great deal of modern methods of communication."  (Doc. No. 41 ¶¶ 14-15).

- Facebook, the most used social networking site in the world, has become so widely used that it has displaced other access points to the Internet so that if a person wishes to access the Internet they will have to use Facebook.  (*Id.* ¶¶ 16, 19-21).

- Sites like Facebook, Twitter, and other similar sites allow persons to associate for political, religious, social, and other purposes by allowing back-and-forth discussions. (*Id.* ¶ 24).

- In one sense, the communication revolution started with Gutenberg's development of the printing press that allowed a one-way distribution of information to the masses. However, social networking sites, chat rooms, and instant messaging programs have generated a further revolution in communication by making it possible for the average person to create, distribute, and obtain feedback about his or her own media content.  (*Id.* ¶¶ 27-29).

- The communicative, associational, and information providing aspects of the new social media is easily demonstrated by the 2011 "Arab Spring" uprisings in the Middle East where social media sites were used not just to disseminate information and to allow persons to communication, but also to enable persons to organize for common political and social purposes.  (*Id.* ¶ 31).

- This all means that information is now being shared in a participatory way.   The

"information highway" is now a two-way street. Therefore, if a person is not allowed to participate in this process they are being denied the right to speak as well as the right to gain information. (*Id.* ¶ 32).

**The standard for the granting of a permanent injunction**

"The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success." *Amoco Production Co. v. Village of Gambell, AK.*, 480 U.S. 531, 546 n.12 (1987). Therefore, "the balance of equities and consideration of the public interest [ ] are pertinent in assessing the propriety of injunction relief, preliminary or permanent." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 32 (2008).

**Argument**

For the reasons previously articulated in their memorandum in support of preliminary injunction, the challenged statute is substantially overbroad and unconstitutional in violation of the First Amendment. These arguments will not be repeated and should be deemed to be incorporated in this trial brief as are the prior arguments demonstrating that the balance of the equities favor the grant of a permanent injunction against the challenged statute.

**Conclusion**

For the foregoing reasons, and as more fully expressed in the prior memorandum in support of the motion for preliminary injunction, which is incorporated herein by reference, a declaratory judgment should issue declaring Indiana Code § 35-42-4-12 unconstitutional on its face and permanently enjoining its enforcement by the defendant Prosecutor against Mr. Doe and the certified class in this case.

/s/ *Kenneth J. Falk*
Kenneth J. Falk
No. 6777-49

ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059 ext. 104
fax: 317/635-4105
kfalk@aclu-in.org

Attorney for Plaintiffs

## Certificate of Service

I hereby certify that on this  16th  day of April, 2012, a copy of the foregoing was filed electronically with the Clerk of this Court.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system and the parties may access this filing through the Court's system.

David A. Arthur
Deputy Attorney General
david.arthur@atg.in.gov

Kate E. Shelby
Deputy Attorney General
kate.shelby@atg.in.gov

/s/ Kenneth J. Falk
Kenneth J. Falk
Attorney at Law